UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIFFORD MCCULLOUGH,

        Plaintiff,

v.                                                      Case No. 8:24-cv-01358-AEP

CIRKUL INC.,

        Defendant.

_____/

## **ORDER**

This cause comes before the Court upon Defendant's Motion to Dismiss (Doc. 4) and its related filings (Docs. 11, 18, 24).[1] In its Motion, Defendant seeks dismissal of Count IV of Plaintiff's Complaint, sex discrimination in violation of Title VII of the Civil Rights Act, arguing Plaintiff has failed to fully exhaust this claim with the Equal Employment Opportunity Commission (EEOC). For the reasons stated herein, Defendant's Motion is GRANTED.

### I.      Factual Background

---

[1] On July 5, 2024, Defendant filed its Motion to Dismiss (Doc. 4). Plaintiff, proceeding *pro se*, responded by filing a Motion to Strike Defendant's Motion (Doc. 11) to which Defendant filed a Response (Doc. 18). A case management conference was held on August 22, 2024, at which time the Court determined it appropriate to afford Plaintiff the opportunity to reply to the arguments made in Defendant's Response to Plaintiff's Motion to Strike (Doc. 18). Plaintiff filed his Reply on September 24, 2024 (Doc. 29). A subsequent hearing was held on November 6, 2024 (Doc. 37). In reaching its decision on Defendant's Motion to Dismiss (Doc. 4), the Court views Plaintiff's Motion to Strike (Doc. 11) as a response and takes the arguments set forth in all noted documents into consideration.

Plaintiff, proceeding *pro se*, initiated this action against his former employer, Defendant Cirkul, Inc., pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et. seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (Doc. 1). In his five count Complaint, Plaintiff asserts that Defendant discriminated against him by failing to promote him on account of his race, sex, and age (Doc. 1, at 1). Plaintiff further maintains that Defendant retaliated against him for complaining about said discrimination by creating a hostile work environment and eventually terminating him (Doc. 1, at 1).

Prior to the initiation of this action, Plaintiff submitted a Charge of Discrimination to the EEOC (Doc. 4-1). In his Charge, Plaintiff asserted claims of race discrimination, age discrimination, and retaliation against Defendant (Doc. 4-1, at 2). However, Plaintiff did not allege suffering sex discrimination (Doc. 4-1). On March 5, 2024, the EEOC issued Plaintiff notice of his right to sue (Doc. 4-2). Defendant now argues that Count IV of Plaintiff's Complaint, sex discrimination in violation of Title VII, must be dismissed as Plaintiff has failed to meet the administrative prerequisite, filing a charge of discrimination with the EEOC, for this claim. In Response, Plaintiff makes two arguments: 1) sex discrimination was listed as part of his claim on the EEOC Inquiry Information form he completed (Doc. 11-1) and 2) Plaintiff notified the EEOC to modify his claim but the EEOC failed to revise the charge (Doc. 29, at 1).

## II.    Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all of the factual allegations contained therein. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). The court need not, however, "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

### III.   Discussion

To bring a claim under Title VII, a plaintiff must first exhaust his or her administrative remedies by filing a charge with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001). EEOC regulations require that the charge be in writing, signed, and verified. 29 C.F.R. § 1601.9. To be verified, a charge must be "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take

acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a).

Once a charge is received by the EEOC, the EEOC will notify the plaintiff's employer and investigate the allegations. 42 U.S.C. § 2000e–5(b). Regardless of whether the EEOC chooses to act on that matter, it must issue notice to the plaintiff of his or her right to sue within 180 days. 42 U.S.C. § 2000e–5(f)(1); 29 CFR § 1601.28. The right to sue, however, "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotations omitted). The purpose of this exhaustion requirement is that the EEOC should have "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Stuart v. Jefferson Cnty. Dep't of Hum. Res*., 152 F. App'x 798, 801 (11th Cir. 2005) (internal quotations omitted). Thus, "[j]udicial claims that 'amplify, clarify, or more clearly focus' the allegations in the EEOC charge are permitted, but the plaintiff cannot allege new acts of discrimination'." *Id.* (quoting *Gregory*, 355 F.3d at 1280). Here, a new act of discrimination, discrimination on the basis of sex, was added to Plaintiff's Complaint. This type of discrimination cannot be said to be the logical outflow of an EEOC investigation into discrimination on the basis of age and race, the charges brought by Plaintiff in his EEOC charge of discrimination.

Notably, Plaintiff does not argue that sex discrimination is a "logical outflow" but rather maintains that Count IV of his Complaint meets the requirements of 42 U.S.C. § 2000e-5(e)(1) because 1) sex discrimination was included as part of his claim in the EEOC Inquiry Information form he submitted and 2) he previously requested that the EEOC modify the charge. However, neither of these arguments is persuasive.

### A. Inquiry Information Form

In *Pijnenburg v. W. Georgia Health Sys., Inc*., the Eleventh Circuit held that as a general matter intake questionnaires do not constitute a valid charge under Title VII. 255 F.3d 1304, 1306 (11th Cir. 2001). In reaching this conclusion, the Court noted that the filing of a charge fulfills two distinct purposes which remain unsatisfied when a party relies on an intake questionnaire to meet the requirements of the statute:

> Unlike the filing of answers to the interview questions in this case, a charge, in addition to triggering the running of the statute of limitations, serves two significant functions: (1) notification to the employer that a discrimination charge has been lodged with the EEOC; and (2) initiation of the agency's investigation of the complaint. Neither of these two functions is satisfied by the filing of an Intake Questionnaire. To randomly treat this questionnaire as a charge would thwart these two objectives, and thereby render arbitrary what the agency has attempted to make uniform.

*Id.* at 1307. Similarly, in the matter at hand, Plaintiff's references to sex discrimination in the inquiry form did not launch an EEOC investigation into the matter nor did it give Plaintiff's employer notice of this claim.

The Court recognizes that the Eleventh Circuit has distinguished *Pijnenburg* from instances where the questionnaire is verified and otherwise meets the requirements for a "charge" under 29 C.F.R. § 1601.12(a). *See Wilkerson* 270 F.3d at 1319. In *Wilkerson*, the plaintiff submitted an Employment Discrimination Complaint Questionnaire to the EEOC on August 18, 1997, which contained her contact information, her employer's contact information, a seven-page narrative of her claim, a list of individuals with direct knowledge, and the following signed statement: "I swear or affirm under penalty of perjury that the provided information is truthful and correct to the best of my knowledge." *Id.* at 1316. However, through a series of miscommunications, Plaintiff was not made aware of her need to file a formal charge, and the EEOC issued a Notice of Charge based on the questionnaire on June 24, 1998. In interpreting the completed questionnaire to be a charge for timeliness purposes, the Court held that "a verified intake questionnaire that includes the basic information suggested by 29 C.F.R. § 1601.12(a) may constitute a charge for purposes of the Title VII statute of limitations when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process by filing the intake questionnaire with the EEOC." *Id.* at 1321.

However, in *Wilkerson*, timeliness was the sole purpose for considering whether the intake questionnaire could function as a charge. Here, Plaintiff did timely submit a Charge of Discrimination, and his inquiry form was not verified. *See Francois v. Miami Dade Cnty.*, Port of Miami, 432 F. App'x 819, 822 (11th Cir.

2011) (declining to determine whether an EEOC questionnaire may ever be used to decide whether a plaintiff's Title VII has been exhausted but holding that it certainly cannot where: 1) the questionnaire is not verified, 2) the language of the form did not indicate it would be considered a charge, and 3) a charge was timely filed). Thus, Plaintiff's allegations of sex discrimination in the inquiry form fail to qualify as a "charge" entitling plaintiff to the right to sue under Title VII.

### B. Amended EEOC Charge

In his Reply to Defendant's Response to Plaintiff's Motion to Strike (Doc. 18), Plaintiff forgoes his argument regarding the inquiry form and instead maintains that he amended his charge by including sex discrimination in his rebuttal letter to Defendant's position statement which the EEOC failed to provide to Defendant (Doc. 29, at 1). In another filing (Doc. 42), Plaintiff further alleges telling EEOC investigator Jahaira Quintana that a sex discrimination claim should be added to his charge.[2] The Court acknowledges that Plaintiff's rebuttal letter, submitted to the EEOC on February 29, 2024, does contain allegations of sex discrimination (Doc. 29-1). However, including new claims in a rebuttal letter does not constitute proper exhaustion of an administrative remedy. As previously articulated in *Pijnenburg*, exhaustion of an administrative remedy serves two purposes: 1) notification to the

---

[2] The Court notes that Plaintiff filed a "Notice of Case Arguments" (Doc. 41) and an "Amended Notice of Case Arguments" (Doc. 42) on November 8, 2024, and November 12, 2024, respectively. Said filings were not directed by this Court nor are they timely under the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida. Nevertheless, the Court has reviewed the arguments and authority cited therein, and finds their contents have no bearing on the outcome of this matter.

employer of the charge and 2) initiation of the EEOC's investigation. Here, while the Court cannot definitively determine whether the EEOC investigated Plaintiff's claims of sex discrimination based on the letter, it is clear Plaintiff's employer was not put on notice of this additional claim.

In determining exhaustion, the case of *Green v. Elixir Indus., Inc.*, 152 F. App'x 838 (11th Cir. 2005) is instructive. There, the Eleventh Circuit acknowledged that the plaintiff claimed he told an EEOC investigator about harassing conduct and provided paperwork as evidence. *Green*, 152 F. App'x at 840 n.2 However, because "[b]ecause the facts alleged in [plaintiff's] EEOC charge form cannot be said to encompass a hostile work environment claim" the Court ultimately affirmed the district court's entry of summary judgment for the defendant. *Id.* at 841

Moreover, when presented with scenarios analogous to the instant matter, courts within this Circuit and others have continuously found that a formal charge cannot be amended via letter. *See Sloop v. Mem. Mission Hosp.*, Inc., 198 F.3d 147, 149 (4th Cir.1999) ("[I]t would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it."); *Lowry v. Hwaseung Auto. USA, LLC*, No. 1:23-CV-524-ECM, 2024 WL 4194313 (M.D. Ala. Sept. 13, 2024) (applying *Green* to find that Plaintiff's request to the EEOC in a rebuttal letter did not amend her charge); *Ambus v. Autozoners*, LLC, 938 F. Supp. 2d 1225, 1230–31 (M.D. Ala. 2013) ("[L]etters sent to the EEOC cannot constructively amend a

formal charge."). For these reasons, Plaintiff's rebuttal letter fails to qualify as an amended charge entitling him to pursuit of his sex discrimination claim.

### C. *Fort Bend Cnty., Texas v. Davis*

As a final matter the Court addresses the applicability of *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019) to this matter. In *Fort Bend County*, the Supreme Court held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." 587 U.S. at 551. Thus, because the charge-filing requirement is not jurisdictional, a party's objection may be waived if it is not timely. Specifically, in *Fort Bend County*, the Court affirmed the Fifth Circuit's finding that Fort Bend County had waived its objection to plaintiff's failure to exhaust her religious discrimination claim before the EEOC by waiting four years and "an entire round of appeals all the way to the Supreme Court" to raise the issue. *Id.* at 547, 552. Plaintiff has attempted to argue that *Fort Bend County* is dispositive in this matter (Doc. 42). However, the facts presented herein are starkly different. Though Title VII's charge-filing requirement is not jurisdictional, it is still mandated by statute, and Defendant has timely raised the issue in a pre-answer motion to dismiss. The Eleventh Circuit has recently addressed a similar set of facts and found that neither Eleventh Circuit precedent nor the Court's holding in *Fort Bend County* suggests that an exhaustion objection raised in a pre-answer motion to dismiss is untimely. *See Mosby v. City of Byron, Georgia*, No. 21-10377, 2022 WL 1136835 (11th

Cir. Apr. 18, 2022), *cert. denied*, 143 S. Ct. 407 (2022). Accordingly, Plaintiff's argument fails on this point too.

### IV.    Conclusion

To bring a claim under Title VII, a plaintiff must first exhaust his or her remedies before the EEOC by filing a charge of discrimination. Upon notice of the right to sue, a plaintiff's judicial complaint must be "limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Turner v. Orr*, 804 F.2d 1223, 1226 (11th Cir.1986). Put another way, "if additional charges in the civil complaint arise naturally and logically from the facts presented to the EEOC, they are related to the original charge." *Armstrong v. Lockheed Martin Beryllium Corp.*, 990 F. Supp. 1395, 1400 (M.D. Fla. 1997). Here, Plaintiff did not include sex discrimination in his charge of discrimination, and sex discrimination does not arise "naturally and logically" from claims of age and race discrimination. Accordingly, it is hereby

ORDERED:

1.    Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint (Doc. 4) is GRANTED.

2.    Count IV of Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

DONE AND ORDERED in Tampa, Florida, on this 20th day of November 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge